# Maguire, Appellant, *v.* Philadelphia & Reading Coal & Iron Company.

*Negligence—Mines and mining—Anthracite Coal Mine Act of June 2, 1891, P. L. 176, Article XII, Rule 16; Article XVII, Section 4.*

A workman was riding on a loaded car from the bottom of a mine to the surface; no other means of exit had been provided. Through the negligence of the engineer of the hoisting engine, the relief valve of the engine was not open, and the car was carried beyond the landing. The workman, fearing that he would be thrown back down the slope, jumped from the car and was killed. In an action by his wife to recover for his death, plaintiff contended that the proximate cause of the accident was the negligence of defendant in failing to observe Rule 16, of Article XII, of the Anthracite Coal Mine Act, providing that no person shall ride upon or against any loaded car, cage or gunboat in any shaft, slope or plane in and about a mine or a colliery and that "for any injury to person or property occasioned by any violation of the act, or any failure to comply with its provisions......a right of action shall accrue to the party injured......and in case of loss of life......to the widow and lineal heirs of the person whose life shall be lost." Defendant contended that although there was a violation of the said statute such violation did not contribute to the death of plaintiff's husband,

as the accident would have occurred just the same had the car been empty and that the death resulted solely from the negligence of the engineer who was a fellow servant of the decedent. The trial judge submitted the case to the jury, which found a verdict for plaintiff. *Held,* the court properly entered judgment for the defendant non obstante veredicto.

Argued April 10, 1916. Appeal, No. 14, Jan. T., 1916, by plaintiff, from judgment of C. P. Columbia Co., May T., 1913, No. 212, for defendant n. o. v., in case of Rosie Maguire v. The Philadelphia and Reading Coal and Iron Company. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,375.83. The court subsequently entered judgment for defendant n. o. v.

*Errors assigned,* among others, were in entering judgment for defendant n. o. v.

*Edward J. Flynn,* with him *Walter G. Treibly,* for appellant.

*John F. Whalen,* with him *George Ellis, Clinton Herring* and *W. H. Rahn,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1916:

The plaintiff's husband was one of four employees of the defendant company to whom had been assigned the task of removing certain outworn and discarded timbers or props from the bottom of the mine slope where they had been brought in cars, to a landing place provided at the top or mouth of the slope, and there unloading them. Because of the length of the timbers the car in which they were carried to the mouth of the slope had to be specially provided with a platform on which the timbers

could rest, above the body of the car. On the occasion of the accident here complained of, during the night of October 11, 1913, the workmen having loaded the car in the usual way signalled the engineer having charge of the hoisting engine at the surface that the car was in readiness to be carried up. They thereupon took their places on the timbers on the top of the car and the ascent began; but, as the surface was approached the engineer neglected to open the relief valves of his engine and in consequence the car was carried some twenty-five feet beyond the landing. Three of the workmen aboard the car, one being plaintiff's husband, fearing that because of this circumstance they would be thrown back down the slope along with the timbers, jumped from the car. Two of these escaped injury, but the plaintiff's husband happened to fall under the wheels of the car and was so injured that he died shortly thereafter. The action was brought by plaintiff to recover damages for the loss of her husband. The negligence complained against is set out in the statement of claim filed in a variety of ways, but it is all comprehended in the one averment that, in view of a certain act of assembly to which we shall presently refer, it was negligence on part of the defendant not to provide other means for the workmen so employed to reach the top of the slope than by riding on a loaded car, and that it was in consequence of such negligence that the accident occurred. On the trial of the case, the facts above recited having been developed, the defendant in reply denied the applicability of the act of assembly relied upon by the plaintiff in the case, in that the car on which the deceased was riding at the time of the action was not within its prohibition, not being "a loaded car"; and insisted further, that even though it were, and its use was prohibited by statute, yet such fact was not the proximate cause of the accident, but that the proximate cause was the negligence of the engineer, a fellow workman, who neglected to open the relief valve of his engine when the car was approaching the surface, and that no

liability resulted to the defendant from the latter's neg-
ligence.   The learned trial judge in a charge not com-
plained against submitted both these questions to the
jury.   The verdict was in favor of the plaintiff.   A mo-
tion for a new trial followed and a motion for judgment
n. o. v., the latter of which prevailed, and from the judg-
ment so entered we have the present appeal.

   The act of assembly on which plaintiff relied to estab-
lish negligence on the part of defendant, is entitled, "An
act to provide for the health and safety of persons em-
ployed in and about the anthracite coal mines of Penn-
sylvania, and for the protection and preservation of prop-
erty connected therewith."   By Article XII the act pre-
scribed certain rules to be observed in every mine to
which the act applies.   Rule 16, prescribes as follows,
"No person shall ride upon or against any loaded car,
cage or gun boat in any shaft, slope or plane in or about
a mine or colliery."   Section 4, of Article XVII, of the
act declares that all offenses under this act are declared
to be misdemeanors, and Section 8 provides, "that for
any injury to person or property occasioned by any vio-
lation of this act, or any failure to comply with its pro-
visions by any owner, operator, superintendent, mine
foreman or fire boss of any coal mine or colliery, a right
of action shall accrue to the party injured against said
owner or operator for any direct damages he may have
sustained thereby;  and in case of loss of life by reason
of such neglect or failure aforesaid a right of action shall
accrue to the widow and lineal heirs of the person whose
life shall be lost, for like recovery of damages for the in-
juries they shall have sustained."   That the car in which
the deceased was riding was a loaded car or boat within
the meaning of the act was a fact found by the jury;
no other car or boat had been provided;  it was only by
using this car that the workmen could reach the point
where the timbers were to be unloaded, and it had been
so used with the knowledge and approval of the defend-
ant for months.   It would be idle to contend that dis-

regard of these plain provisions of the statute in the way indicated would not be negligence on part of the owner or operator of the mine.   Such negligence may be assumed and there still remains the question whether the injury complained of was occasioned by such negligence.

The case admits of no discussion.   It is impossible to see how the particular negligence of the defendant contributed in even a remote way to the accident.   The injury to plaintiff's husband resulted directly and immediately in consequence of his jumping from the car on which he had been riding.   The jury must have found that a reasonable apprehension of injury if he remained on the car warranted him in so doing, since they acquitted him of contributory negligence.   What difference could it have made in the result had the car from which he jumped been an unloaded or empty car?   There is not a circumstance in the case that would warrant an inference that the result would have been any different. So far as can be seen the fact that the car in which the deceased was riding was loaded, stands wholly unrelated to the injuries sustained.   There is nothing to indicate that the apprehension of danger that caused plaintiff's husband to jump from the car arose from the fact that the car was loaded; nor is there anything to indicate that it was carried beyond the landing because it was loaded.   Had it been empty, that circumstance of itself would not have made the danger any the less.   Clearly the only negligence shown in the case to which the accident can be referred was that of the engineer, who, to his credit be it said, did not seek to avoid his culpability, but frankly admitted it.   The learned trial judge would have been justified in giving binding instructions for the defendant, and therefore no error was committed in entering judgment non obstante.   The assignment of error is overruled, and judgment is affirmed.